41 F.3d 1507
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Mark Earl LEEDY, Debtor.
Mark Earl LEEDY, Plaintiff-Appellant,
v.
AGRIBANK, FCB, Defendant-Appellee.
 No. 94-1550.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1994.
 
 1
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges, and ZATKOFF, District Judge.*
 
 ORDER
 
 2
 Mark Earl Leedy, a pro se Michigan resident, appeals an order of the district court dismissing his appeal from bankruptcy court orders finding him in civil contempt and confirming the sale of his real property. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Leedy, a farmer, filed a voluntary bankruptcy petition under Chapter 12. His principal creditor was the defendant bank, which held the mortgage on his farm. Leedy's Chapter 12 plan was confirmed on February 22, 1990. He then filed an objection to the bank's claim, on the ground that payments made had not been properly credited to his account, resulting in an erroneous calculation of the amount due. Leedy's counsel performed an independent audit of the bank's accounting and concluded that it was substantially correct. The parties stipulated to the amount due and the stipulation was approved by the bankruptcy court on July 16, 1990.
 
 
 4
 Thereafter, Leedy defaulted on the plan by failing to pay his property taxes. On November 2, 1993, the bankruptcy court ordered Leedy to comply with the default provisions of his plan, which provided for him to convey his real estate to the bank. Leedy did not appeal from this order and did not comply with it. Accordingly, a hearing was held to determine whether he should be found in civil contempt. At the hearing, Leedy raised fraud by the bank as a defense to the contempt charge, realleging his belief that his payments had not been properly credited to his account. The bankruptcy court concluded that Leedy's allegations of fraud were not timely and were not a proper defense to the contempt charge. Leedy was found in contempt, and the sale of his real estate to the bank was approved by a later order. Leedy appealed from both orders, which appeals were consolidated in the district court. The district court affirmed the bankruptcy court's orders and dismissed the appeal.
 
 
 5
 In his appellate brief, Leedy argues that the bankruptcy court erred in construing his defense of fraud as an attempt to revoke confirmation of his plan, and therefore finding it untimely under 11 U.S.C. Sec. 1230. Instead, he argues that he was moving to reconsider the order allowing the bank's claim, as permitted by Fed.R.Bankr.P. 9024. He also argues that there were procedural irregularities in the proceedings below, including the consolidation of his two appeals in the district court and the denial of his motions for a stay pending appeal.
 
 
 6
 Upon review, we conclude that the findings of the bankruptcy court were properly affirmed. Bankruptcy Rule 9024, on which Leedy relies, incorporates Fed.R.Civ.P. 60 into the bankruptcy code, with the exception of reconsideration of orders allowing claims that were not contested, which are not subject to the one year limitation of Rule 60(b). See Colley v. National Bank of Texas (Matter of Colley), 814 F.2d 1008, 1010 (5th Cir.), cert. denied, 484 U.S. 898 (1987). In this case, Leedy did contest the bank's claim by filing an objection. He did not challenge the claim on the ground of fraud within the one year limitation, and his argument is therefore untimely. However, Leedy argues that the bank's claim was not contested because the parties eventually stipulated to the amount due. Even if this argument were accepted, Leedy was required to raise the claim of fraud within a reasonable time. He did not do so, as he had all the documentary information on which his fraud claim is based before entering into the stipulation, more than three years prior to his raising of the issue. His claim that he only recently realized that fraud was involved is without support in the record.
 
 
 7
 Moreover, the allegation of fraud is simply not a defense to the fact that Leedy was in contempt of the bankruptcy court's order of November 2, 1993, from which he did not appeal. See Maness v. Meyers, 419 U.S. 449, 458 (1975). Therefore, he was properly found in contempt and his property correctly ordered sold according to the default provisions of his Chapter 12 plan. Leedy's allegations of procedural irregularities in the proceedings below also do not alter the fact that he was in contempt of the bankruptcy court's order.
 
 
 8
 Accordingly, the district court order dismissing the appeals from the orders of the bankruptcy court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation